Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ORIENTAL BANK<br><br>Demandante<br><br><br>GLORIA HAYDEE TIRADO MIRANDA H/N/C GLO SPA HEALTH & BE., MARITZA MONTALVO SANTIAGO Y OTROS<br><br>Recurrida<br><br>Vs.<br><br>NICOLE M. DÍAZ TOYOS Y OTROS<br><br>Peticionaria<br><br>-----------------------------<br>ORIENTAL BANK<br><br>Demandante<br><br><br>GLORIA HAYDEE TIRADO MIRANDA H/N/C GLO SPA HEALTH & BE., MARITZA MONTALVO SANTIAGO Y OTROS<br><br>Recurrida<br><br>Vs.<br><br>DANIEL VÁZQUEZ ROMÁN Y OTROS<br><br>Peticionario | TA2025CE00824<br><br><br><br><br>Consolidado con:<br><br><br><br><br>TA2025CE00827 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br><br>BY2022CV06198<br><br>Sala:  701<br><br>Sobre:<br><br><br>COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA Y PRENDA |

Panel integrado por su presidente, el Juez Salgado Schwarz, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de mayo de 2026.

Comparecen las partes peticionarias del epígrafe el peticionario, el señor Daniel Vázquez Román, y la peticionaria, la

señora Nicole M. Díaz Toyo, con el propósito de cuestionar la *Resolución* notificada el 17 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala de Bayamón. Mediante la referida resolución, el foro primario denegó tres mociones de sentencia sumaria, presentadas respectivamente por el peticionario, y la peticionaria, la señora Nicole Díaz Toyos.

Por los fundamentos expuestos en esta *denegamos* los recursos extraordinarios promovidos.

## -I-

Para el mes de diciembre de 2021 la parte recurrida, la señora Gloria Haydee Tirado Miranda, comenzó a gestionar la compraventa de una propiedad inmueble localizada en la Avenida Laurel en el Municipio de Bayamón, entonces propiedad del peticionario, señor Vázquez Román. El propósito de la compraventa era convertir el inmueble en un negocio que llevaría de nombre "Glo Spa Health and Beauty". El 22 de julio de 2022, la recurrida solicitó y obtuvo un préstamo por la cantidad de $101,100.00, según evidenciado en el pagaré suscrito bajo el testimonio número 45,729 a favor de Oriental Bank de Puerto Rico. A la par, otorgó una escrita de hipoteca para garantizar el pago de la obligación mediante la cual gravó con una hipoteca el inmueble objeto de la compraventa cuya descripción registral sigue:

> URBANA: Solar número uno (1) del Bloque G Sección cuarta (4ta), Urbanización Santa Juanita del Barrio Minillas de Bayamón, Puerto Rico, compuesta de doscientos veintinueve puntos trescientos ochenta (229.380) metros cuadrados. En lindes por el Noroeste, con Avenida Laurel; por el Sureste, con terrenos propiedad de Bayamón Hills Corporation; por el Nordeste, con una calle que lo separa del Centro Comercial de Santa Juanita y por el Suroeste, con solar numero dos (2). Contiene una casa de concreto armado de dos (2) plantas, con sala, comedor, cocina, tres (3) cuartos dormitorios, un (1) cuarto de baño y que constituye una vivienda independiente.

> Existe una servidumbre por signo aparente establecida por la Corporación vendedora en la pared que divide los apartamentos localizados en los solares numero dos (2) y uno (1), cuya pared continuara sirviendo a ambos apartamentos y pertenecerán en común proindiviso y en toda su actual extensión y espesor a los propietarios de ambos apartamentos. Existe una servidumbre de acceso de un metro de ancho a todo lo largo de la colindancia Sureste del solar. Consta inscrita al folio 209 del tomo 607 de Bayamón Sur, finca 28069, Registro de la Propiedad de Bayamón, Primera Sección. [Ent. #1].

El 5 de diciembre de 2022, Oriental Bank presentó una *Demanda de Cobro de Dinero y Ejecución de Hipoteca* en el caso de título. Alegó que la parte recurrida incumplió con el préstamo hipotecario y solicitó el pago del principal ($101,000.00) más los intereses acumulados hasta el pago total de la deuda, los cargos por demora y el pago de $10,100.00 por honorarios de abogado. El 31 de marzo de 2023, la parte recurrida contestó la demanda y presentó una reconvención. En la reconvención, la recurrida alegó, entre otras cosas, que la zonificación de la propiedad frustró el negocio propuesto para el inmueble. Según alegó, se percató de la zonificación "R-U" de la propiedad cuando obtuvo copia de la tasación. Específicamente, aseveró que el uso que le daría a la propiedad era puramente comercial para establecer y comenzar a operar su negocio, Glo Spa Health & Beauty. Alegó, además, que Oriental y unos terceros conocían que el pago del préstamo hipotecario se realizaría con las ganancias de la operación del nuevo negocio. Añadió que, Oriental Bank, en común acuerdo con estos terceros no identificados, viciaron su consentimiento para beneficiarse y enriquecerse.

El 3 de abril de 2023, la parte recurrida presentó *Demanda Contra Tercero* reclamó en contra de varios empleados de Oriental Bank, sus cónyuges, el *U.S. Small Business Administration Puerto Rico & Virgin Islands District Office,* la corredora de bienes raíces la

también parte peticionaria, señora Nicole Díaz Toyos h/n/c Zen Real Estate Group PR, el tasador de la propiedad, el señor Vázquez Miranda como vendedor y dueño de la propiedad, y otros terceros no identificados en la demanda. Alegó que los terceros demandados en común acuerdo viciaron su consentimiento para el *Contrato de Préstamo Hipotecario* y el *Contrato de Compraventa.*

En cuanto al peticionario, el señor Vázquez Román alegó que "el Vendedor, tercero codemandado, conocía, desde que adquirió la propiedad antes descrita, que ésta tenía zonificación urbana y que para poder establecerse un negocio comercial en el lugar se debía realizar el proceso de cambio de zonificación requerido por la Junta de Permisos del Municipio de Bayamón y la Oficina de Gerencia de Permisos", y que, "el Vendedor, tercero codemandado, tenía conocimiento desde el momento en que adquirió la Propiedad que ésta llevaba más de 40 años con un uso urbano, y así lo establece la tasación de la propiedad descrita anteriormente". En síntesis, la recurrida alega que los terceros demandados se "enriquecieron injustamente al realizar una Compraventa e Hipoteca sobre una propiedad zonificada Urbana, en un claro acto temerario y de mala fe en contra de la demandante contra terceros, ya que éstos conocían que la solicitud del permiso de uso comercial no significa ser un cambio de zonificación de una propiedad" y "en común acuerdo, viciaron la voluntad y el consentimiento de la demandante contra terceros, para beneficiarse y enriquecerse injustamente".

El 12 de mayo de 2023, Oriental Bank contestó la reconvención negó las alegaciones y, en lo pertinente, alegó que la tasación refleja que la propiedad es una estructura residencial ubicada en zona residencial de acuerdo con los mapas de zonificación del Municipio de Bayamón, y que el valor otorgado al inmueble partió de la premisa que la recurrida obtendría un

permiso de uso comercial. El peticionario contestó la *Demanda Contra Tercero* el 27 de septiembre de 2023. Aseveró que la causa de acción por vicio a la voluntad que provee el ordenamiento para circunstancias como las descritas en la demanda contra tercero es la acción redhibitoria, la cual no fue ejercida dentro del término jurisdiccional de seis meses. El 27 de septiembre de 2023, la peticionaria presentó *Contestación a Demanda Contra Tercero* en la cual, en esencia, negó las imputaciones de mala fe, negligencia, dolo, fraude y levantó varias defensas afirmativas, entre ellas: i) inexistencia de una causa de que acción que justifique la concesión; ii) la aplicación del principio de publicidad registral; iii) actos propios; iv) asunción de riesgo; v) daños autoinfligidos; vi) falta de mitigación de daños; vii) que la Peticionaria actuó conforme las exigencias de la profesión de corredores de bienes raíces y conforme a la ley; vii) ausencia de negligencia y; viii) falta de causalidad (nexo causal).

El 5 de febrero de 2025, el peticionario presentó *Moción de Sentencia Sumaria* solicitó la desestimación de las reclamaciones en su contra. El 19 de marzo de 2025, la recurrida presentó oposición a la moción de sentencia sumaria promovida por el peticionario. El 28 de marzo de 2025, la peticionaria presentó *Moción de Sentencia Sumaria* en la cual solicitó la desestimación de las causas en su contra por no existir controversias de hechos que impidieran la resolución por la vía sumaria. El 23 de abril de 2025, el peticionario presentó *Réplica del Tercero Demandado a 'Oposición A Sentencia Sumaria' de la Demandante Contra Tercero*. El 30 de abril de 2025, la recurrida presentó oposición a moción de sentencia sumaria de la peticionaria.

Entretanto, el 16 de mayo de 2025, Oriental Bank y la parte recurrida lograron una transacción judicial mediante la cual pusieron fin al litigio entre ellos. El foro primario aceptó la

transacción propuesta y el 19 de mayo de 2025 emitió sentencia parcial mediante la cual Oriental Bank quedó fuera del presente pleito. Seguido, la parte recurrida presentó *Desistimiento Voluntario con Perjuicio* y solicitó el desistimiento con perjuicio contra los empleados de Oriental Bank. El tribunal dictó *Sentencia Parcial* decretó el archivo con perjuicio de la demanda en cuanto a los empleados del banco.

El 4 de junio de 2025, la peticionaria presentó réplica a la oposición de la recurrida. Aseveró que el escrito en oposición de la recurrida no cumple mínimamente con los requisitos establecidos en la Regla 36.3 de Procedimiento Civil, *infra*, y que la declaración jurada anejado por la recurrida a su oposición es un "sham affidavit". El 25 de junio de 2025, la parte recurrida presentó *Dúplica a Réplica del Tercero Demandado a Oposición a Moción en Sentencia Sumaria de la Demandante Contra Tercero*. Finalmente, el 10 de agosto de 2024, la parte recurrida presentó *Dúplica a: Réplica del Tercero Demandado a: oposición a moción de sentencia sumaria de la demandante contra tercero*. Las solicitudes de sentencia sumaria quedaron sometidas ante el foro de primera instancia.

El 17 de septiembre de 2025, el tribunal de primera instancia notificó la resolución recurrida, denegó en conjunto las mociones de sentencia sumaria presentadas por los terceros demandados, los aquí peticionarios. El 2 de octubre de 2025, los peticionarios solicitaron reconsideración. La recurrida presentó oposición a cada reconsideración promovida. Ambas reconsideraciones fueron denegadas por el tribunal el 27 de octubre de 2025. Con relación a la resolución recurrida un panel hermano expidió el recurso de *certiorari* núm. TA2025CE00635, y revocó la resolución en cuanto a José C. Méndez Latalladi, Maruxa Dumont y la Sociedad Legal de Bienes Gananciales Compuesta por

ambos y José Méndez & Asociados LLC, ordenó la desestimación de la demanda en cuanto a estas partes.

Inconforme comparece el peticionario (TA2025CE00827) y señala los siguientes errores:

> Erró el Honorable Tribunal al determinar que la presente acción no era redhibitoria y al dejar de desestimar la causa de acción por prescripción.

> Erró el Honorable Tribunal al dejar de aplicar el derecho a los hechos probados y determinar que no procede dictar sentencia desestimando la Demanda a favor del Peticionario, cuando los hechos determinados por el propio foro de instancia demuestran que ninguna de las causas de acción incoadas por la Recurrida se sostiene.

> Erró el Honorable Tribunal al no desestimar la causa de acción de enriquecimiento injusto aun cuando existen otros remedios estatutarios.

La peticionaria también comparece (TA2025CE00824) y señala los siguientes errores:

> Erró el Tribunal de Primera Instancia al denegar la solicitud de sentencia sumaria de la Peticionaria a pesar de que no existe base suficiente en la prueba documental que apoye la determinación de existencia de controversias sustanciales de hechos que impidan la resolución sumaria; la denegatoria por parte del TPI constituye, además, un error manifiesto en la apreciación de la prueba e interpretación del derecho en la medida que no toma en consideración hechos incontrovertidos debidamente sustentados por evidencia admisible que no fueron debidamente refutados por la Recurrida con evidencia admisible y considera hechos inmateriales a la controversia, requiriendo un estándar de prueba "contundente y convincente".

> Erró el TPI al no disponer sumariamente de la reclamación extracontractual instada en contra de la Peticionaria ante la inexistencia de evidencia en torno a la alegada negligencia, particularmente sobre la supuesta "orientación deficiente" y "omisión de información sobre la zonificación de la Propiedad".

> Erró el TPI al no disponer sumariamente de la reclamación de vicios en la voluntad a pesar de que la Recurrida no presentó prueba alguna para establecer los elementos de dicha causa de acción.

> Erró el TPI al no desestimar la causa de acción de enriquecimiento injusto aun cuando existen otros remedios estatutarios que impiden la aplicación en equidad de la doctrina de enriquecimiento injusto.

La parte recurrida compareció por vía de su alegato en oposición a los recursos promovidos. Por tanto, procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico, y el derecho aplicable.

*-II-*

*A. Sentencia Sumaria*

La sentencia sumaria es el mecanismo procesal cuyo propósito principal es facilitar la solución justa, rápida y económica de los litigios que no presentan controversias genuinas de hechos materiales y, por lo tanto, no ameritan la celebración de un juicio a fondo. *Negrón Castro v. Soler Bernardini*, 216 DPR ___ (2025), 2025 TSPR 96, pág. 5. Véase, además, *Soto y otros v. Sky Caterers,* 215 DPR ___ (2025), 2025 TSPR 3, pág. 10. La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, permite que, en un litigio, cualquiera de las partes le solicite al tribunal que se dicte sentencia sumaria a su favor, ya sea sobre la totalidad o cualquier parte de la reclamación solicitada. Reglas 36.1 y 36.2 de Procedimiento Civil, *supra.* No obstante, para que una sentencia sumaria proceda, es necesario que de los documentos que la acompañan, surja de manera preponderante la inexistencia de controversia sobre los hechos medulares del caso. *Soto y otros v. Sky Caterers*, supra.

Para poder demostrar eficientemente la falta de controversia sobre hechos esenciales, el promovente de la sentencia sumaria debe: (1) exponer las alegaciones de las partes; y (2) desglosar en párrafos debidamente enumerados los hechos sobre los cuáles, a

su entender, no hay controversia. Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3.

En *Meléndez González et al. v. M. Cuebas,* 193 DPR 100 (2015), el Tribunal Supremo estableció el estándar específico que debe utilizar este Foro al revisar denegatorias o concesiones de Mociones de Sentencia Sumaria. A esos efectos, el Tribunal Supremo ha dispuesto que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.
>
> *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 679 (2018).

Es decir, planteada una revisión de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición que el Tribunal de Primera Instancia para resolver, por lo que debe evaluar las mociones presentadas en el foro primario y cumplir con los requisitos dispuestos en la Regla 36 de Procedimiento Civil, *supra,* al emitir su dictamen. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118. "[L]a revisión del foro apelativo conlleva examinar *de novo* el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el tribunal de instancia y realizando todas las inferencias permisibles a su favor". *Birriel Colón v. Econo y otros,* 213 DPR 80, 91-92 (2023), citando a *Meléndez González et al. v. M. Cuebas, supra.*

En tal sentido, como parte de nuestra función revisora, es nuestro deber evaluar todos los documentos que obren en el expediente de manera tal que, previo a determinar la procedencia de una solicitud de sentencia sumaria, se deba realizar un balance adecuado entre el derecho de todo litigante a tener su día en corte y la disposición justa, rápida y económica de los litigios civiles. *BPPR v. Cable Media,* 215 DPR ___ (2025), 2025 TSPR 1*,* pág. 9 (citas omitidas). Cónsono con lo anterior, en el ejercicio de nuestra función revisora, estamos limitados a: (1) considerar los documentos que se presentaron ante el foro primario; (2) determinar si existe o no controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó correctamente. *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 994 (2024). Por otra parte, nuestra más Alta Curia ha definido el concepto hecho material de la siguiente forma: un hecho material o esencial es "aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Consejo de Tit. v. Rocca Dev. Corp., et als.,* supra*,* 215 DPR ___ (2025), 2025 TSPR 6, pág. 15. Por ende, la parte promovente tiene el deber de exponer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Soto y otros v. Sky Caterers,* supra, pág. 11.

Ahora bien, el Tribunal Supremo de Puerto Rico ha determinado que "no existe impedimento alguno para que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención, cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge la inexistencia de controversia en torno a los hechos materiales." *Batista Valentín v. Sucn. de José Enrique Batista Valentín y otros*, 216 DPR __ (2025), 2025 TSPR 93, pág. 10. En vista de ello, "la Regla 36 no queda excluida como cuestión de

derecho de ningún procedimiento en particular" (citas omitidas). *Íd.*

De igual forma, en nuestra jurisdicción se ha reconocido la sentencia sumaria en modalidad de insuficiencia de prueba. *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 732 (1994). Esta modalidad opera de la siguiente manera: "después de que las partes hayan realizado un adecuado y apropiado descubrimiento de prueba, el promovente puede presentar su moción de sentencia sumaria, alegando la insuficiencia de prueba por parte del promovido". *Íd.* Asimismo, el promovente de esta solicitud tiene que poner al tribunal en posición de evaluar que el descubrimiento de prueba realizado haya sido adecuado hasta ese momento y, debe demostrar que el promovido no cuenta con evidencia suficiente. *Pérez v. El Vocero de P.R.*, 149 DPR 427, 447 (1999). Cónsono con lo anterior, la parte promovente debe demostrar que la parte promovida no cuenta con evidencia admisible suficiente para probar, al menos un elemento esencial indispensable para su caso. *Ramos Pérez v. Univisión,* 178 DPR 200, 218 (2010).

En fin, esta modalidad establece que: "(1) el juicio en su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial a su reclamación, y (3) como cuestión de derecho, procede la desestimación de la reclamación". *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 786 (2016).

### *B.*

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir

y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025), establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

>   A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
>   B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
>   C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
>   D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
>   E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
>   F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
>   G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o

parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

### -*III*-

Conforme adelantáramos en los acápites anteriores, en nuestro ordenamiento jurídico procede dictar sentencia sumaria si conforme a la evidencia presentada, no existe controversia real y sustancial en cuanto a algún hecho esencial y pertinente del caso. Regla 36.3 de Procedimiento Civil, *supra*. Un hecho material es aquel que, tiene el potencial de impactar el resultado de la reclamación. *Oriental Bank v. Caballero García*, 212 DPR 671, 678-679 (2023). Para ello, el tribunal debe tener a su disposición todos los hechos necesarios para resolver la controversia. *Íd.*, pág. 679. Esto es, un tribunal no puede disponer de un caso por la vía sumaria cuando existen hechos relevantes y pertinentes a la causa de acción bajo discusión ante el foro primario. *SLG Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167-168 (2011). En ese sentido, tras analizar detenida y comprensivamente los documentos que obran en el expediente, las distintas mociones de sentencia sumarias, sus respectivas oposiciones, los otros escritos presentados en réplica, y los documentos anejados a todas estas mociones, hemos arribado a la conclusión de que el foro primario no cometió error al no disponer del caso por la vía sumaria pues existen hechos materiales en controversias que impiden la solución sumaria del presente pleito.

En primer lugar, convenimos principalmente con las determinaciones de hechos materiales establecidas por el foro recurrido. No existe controversia en torno a los distintos negocios jurídicos celebrados en aras de completar la compraventa del inmueble objeto que motivó la presentación de las distintas reclamaciones judiciales promovidas por la parte recurrida. Igualmente estamos de acuerdo con las controversias de hechos

según establecidas por el foro de primera instancia que subsisten a pesar de los escritos de sentencia sumaria presentados por las partes peticionarias. Un estudio cuidadoso de la evidencia admisible anejada a estos escritos, junto a un análisis juicioso del expediente electrónico nos lleva a coincidir con el tribunal de primera instancia específicamente en torno a las controversias de hechos sobre las verdaderas intenciones de los peticionarios al adquirir y luego vender el edificio a la parte recurrida. De igual forma, no surge claramente del expediente electrónico el grado de familiaridad de la parte recurrida con el procedimiento de obtención de permisos gubernamental para cambiar la zonificación del inmueble a comercial. De tales cogniciones pende la solución de las reclamaciones en el caso del epígrafe. Por tanto, consideramos correcto que, ante las controversias de hechos señaladas en la resolución recurrida, el tribunal adjudique la responsabilidad parcial o total que fuera en un Juicio en sus méritos, y no mediante el mecanismo de sentencia sumaria.

Conforme a la Regla 52.1 de Procedimiento Civil, 32 LPRA, Ap. V, R. 52.1, este Tribunal tiene jurisdicción para atender el presente recurso en sus méritos toda vez que corresponde a la revisión de una resolución de carácter dispositivo. Sin embargo, y a pesar de tal posibilidad, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra*, determinamos abstenernos de intervenir. Luego de evaluar la totalidad del expediente y la bien fundamentada resolución del tribunal de primera instancia, a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual este foro deba intervenir con el dictamen recurrido. Ello, ya que no se configura ninguna de las situaciones contempladas en la regla. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir solo en aquellos dictámenes interlocutorios en los que el foro primario

fuera arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. El recurso aquí concernido carece de alguno de estos escenarios y, por tanto, nos abstenemos de intervenir.

### -*IV*-

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, *denegamos* la expedición de los recursos promovidos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones